By the Court.

The testator was bound to pay a debt to the intestate at a future day, before which both parties died, and no administration was taken on M’Lellan’s estate till many years after the debt became due. The plaintiff now brings his action within seven years after administration obtained. The defendant pleads the act of 1715, ch. 48, f. 9,—the plaintiff replies, and the defendant demurs.
The plaintiff infills, that the term of seven years limited in the act, should only run from the time that he obtained letters of administration; that before that time, there was no creditor in existence, so that there was nothing for the statute to operate against; and that a creditor could not be barred before he existed, and relied on *480 the case Curry and uxor vs. Stepenson, 4 Mod.376, and Cary and uxor, propably the same case, 2 Salk. 421, and Jolisse vs. Pitt or Whistler, 2 Vern. 695. comparing this to a cafe where the aft of limitation is pleaded.
In the case Curry & uxor vs. Stephenson, it is said the Judges were of opinion, that the statute would not bar the recovery on the reasoning in Saffyn’s case, nor on the decision; for, in that case, the judgment of three Judges against two, was, that the statute was a bar; but the case of Curry & ux. vs. Stephenson, went off on another point.
In the case Saffyn vs. Adams, 2 Cro. 60, the case of Sanders v. Stanford is cited, and as there stated, is this : “ It appears that there was a lease “to commence on the expiration of a lease then “existing; he who had the future interest died; “ the first lease expired ; the lessor enters and le- “ vies a fine with proclamations, before any ad- " ministration committed; the five years passed ; “ and after administration was granted, the ques-“ tion was, whether the administrator should have “five years? And it was resolved that he should, “for none had a right to enter before." The same case is stated in the case of Coates vs. Atkinson, Goldsborough 171, somewhat different, as follows: “ Stanford case, was a lease to “commence at a day future, and then a fine " and non-claim before the commencement, shall "not bar the right of that lease; but a fine after “ the day of commencement, although before " any entry of lessee, shall bind," and cites Jaf-fyn's case. The case of Sanders vs. Stanford, is *481 said to have been decided 21 Eliz.; but we have diligently searched all the Reporters of that day, with a view to find a true state of it, without being able to find it. The case, however, of an executor, differs materially from all the cases cited. In the case Curry & ux. vs. Stepenson, first cited, the defendant actually recovered the money, and held it to his own benefit, without any legal right. It was a debt, in consequence, subject so the recovery of any person who could shew a legal claim; and he was under no obligation to part with it to any other person, therefore suffered no hardship by the recovery of the administrator.
In the case of Sanders vs. Stanford, the lessor sustained no injury by the entry of the administrator; the lease was his own act, of which he could not be ignorant, and he was bound in conscience to admit. An executor is only a trustee, and bound to deliver up the property with which he is entered, after the expiration of one year; being then divested of the property, he is no longer bound in conscience to pay any debt chargeable on that property; but notwithstanding this, the law obliges him to be accountable to creditors for seven years, and empowers him to demand security from the legatees, or next of kin, before he makes distribution or payment of legacies, to indemnify him against any legal recovery. This law, however after seven years, bars the creditor from any recovery against him, therefore it would appeal to a common observer, that no legal recovery could be had against an executor after the expiration of that term; more especially, as if after that time he holds any of the *482 estate, not recovered by the next of kin, of legatees or creditors, he is bound to pay it to the church-wardens and vestry for the use of the parish; and by a late act, passed April, 1784, chap. 23, the administrator, as soon as he has finished his administration, and no creditor makes any further demand, is bound to pay what remains in his hands, into the public Treasury; where it is to remain subject to the claims of creditors, &c. end the treasurer is empowered to compel payment of such residuum. This last act is called a supplement to the first, for the purpose of substituting the public treasurer in place of the church-wardens and vestry, which no longer existed; and to charge the public treasurer, instead of the executor, with any demands against the estate, which remained unsatisfied; so that it seems to be understood, that after a limited time the executor was to be exonerated, though the demand was not extinguished, but transferred to the public treasurer, to whom the executor was accountable. It is true, no time is limited by the last act, but as it refers to the first, the presumption is, that the Legislature had in view the time limited in the first. If he had any thing in his hands, he was subject to a recovery by the treasurer, and not by the creditor. If he had delivered over the property to the legatees or next of kin, he was answerable to no one, after the expiration of seven years; it and seems to have been the intention of the Legislature, from the tenor of these acts, that the executor should have a quieius with respect to creditors; for it could not be intended that he should be subject to the suits of the treasurer and creditor, at one and the same time. In the case of Joliffe vs. Pitt and Whistler, it *483 is said, the Lord Chancellor inclined to be of opinion, that the statute of limitation was not so take place; but the case was decided on the saving in the statute, 4 & 5 Anne, in favour of the plaintiff, where defendant is beyond sea. Though we can find no decision directly in point, yet we believe the law has been generally understood, that the aft of limitation will not run but from the time that administration was obtained, nor does this impose any hardship or injustice on the defendant, on whom there is a moral obligation to pay, notwithstanding any length of time that the debt might have become due; in case of an executor it is otherwise, for the moral obligation on him to pay, ceases whenever the assets are taken out of his hands, or when he is bound by law to deliver them to another. The laws are positive, without any saving in favour of this case.
Upon the whole, we are of opinion that judgment in this case should be entered for the defendant.